# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT KANSAS CITY

| | |
|---|---|
| THE ESTATE OF A.P., ) <br> By and Through her Personal ) <br> Representative HEATHER TRACY, ) <br>   ) <br> and ) <br>   ) <br> HEATHER TRACY, ) <br> 10 Tower Street ) <br> Paola, Kansas 66071 ) <br>   ) <br> and ) <br>   ) <br> RYAN POOLE, ) <br> HC 79, Box 3221 ) <br> Pittsburgh, Missouri 65724 ) <br>   ) <br> and ) <br>   ) <br> KANSAS DEPARTMENT OF ) <br> CHILDREN AND FAMILIES, as ) <br> Guardian and Next Friend of ) <br> H.M., a Minor ) <br>   ) <br>          Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> GENERAL MOTORS LLC ) <br> Serve: ) <br> Corporation Service Company ) <br> 2900 SW Wanamaker Drive, Suite 204 ) <br> Topeka, Kansas 66614 ) <br>   ) <br> and ) <br>   ) <br> FAURECIA S.A. ) <br> Serve: ) <br> No. 2, Rue Hennape ) <br> ZAC des Champs Pierreux ) <br> 92000 Nanterre, France ) <br>   ) | **CIVIL ACTION** <br> **CASE NO. 2:17-CV-02522** <br><br> **JURY TRIAL DEMANDED** |

| | |
|---|---|
| **FAURECIA SIEGE D'AUTOMOBILE**<br>Serve:<br>The Corporation Company<br>40600 Ann Arbor Road E. Suite 201<br>Plymouth, Michigan 48170<br><br>and<br><br>**FAURECIA USA HOLDINGS, INC.**<br>Serve:<br>The Corporation Company<br>40600 Ann Arbor Road E. Suite 201<br>Plymouth, Michigan 48170<br><br>and<br><br>**FAURECIA AUTOMOTIVE SEATING, LLC**<br>Serve:<br>Jill Greene, Registered Agent<br>2800 High Meadow Circle<br>Auburn Hills, Michigan 48326<br><br>          **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Heather Tracy, individually and as the Personal Representative of the Estate of A.P., Ryan Poole, and Kansas Department of Children and Families for their Complaint and causes of action against Defendants General Motors LLC, Faurecia S.A., Faurecia Sieges D'Automobile, Faurecia USA Holdings, Inc., and Faurecia Automotive Seating, LLC state and allege as follows:

### Allegations Common to All Counts

1. Plaintiff Heather Tracy is a citizen and resident of the State of Kansas, residing at 10 Tower Street, Paola, Kansas 66071.

2. Plaintiff Heather Tracy is the natural mother of decedent A.P.

3. Plaintiff Ryan Poole is a citizen and resident of the State of Missouri, residing at HC 79 Box 3221, Pittsburgh, Missouri 65724.

2

4. Plaintiff Ryan Poole is the natural father of decedent A.P.

5. Plaintiffs Heather Tracy and Ryan Poole are the persons entitled by Kansas law to bring this action for the wrongful death of A.P. and to make the claims set forth herein.

6. Plaintiff Heather Tracy was appointed the Personal Representative of the Estate of A.P., on September 8, 2017, and is therefore entitled under Kansas law to bring the survival claims asserted herein on behalf of A.P.

7. Plaintiff Kansas Department of Children and Families ("DCF") is an agency of the state of Kansas designed to promote the safety and welfare of its citizens, including children like H.M. Plaintiff DCF brings this action on behalf of H.M., a minor, as his duly appointed legal guardian. H.M. currently resides with his foster parents, Jim and Becky Tracy, at 4709 Labette Terrace, Rantoul, Kansas 66079.

8. Defendant General Motors LLC ("GM") is a Delaware corporation with its principal place of business in Michigan, is registered to conduct business in Kansas and may be served with process through its registered agent the Corporation Service Company, 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas 66614.

9. At all relevant times to the causes of action asserted herein, Defendant GM has agreed to assume responsibility for product liability claims for its predecessor entities, including General Motors Corporation.

10. Defendant Faurecia S.A. is a French corporation with its principal place of business in Nanterre, France. It is in the business of manufacturing automotive parts and components, including seats, that are sold in the United States and worldwide. Faurecia S.A. is believed to be the parent company of Defendants Faurecia Sieges D'Automobile, Faurecia USA Holdings, Inc.,

3

and Faurecia Automotive Seating, LLC. It may be served with process at its headquarters, No. 2, Rue Hennape, ZAC des Champs Pierreux, 92000 Nanterre, France.

11. Defendant Faurecia Sieges D'Automobile (a/k/a Faurecia Automotive Seating Europe, "Faurecia Sieges") is a French corporation with its principal place of business in Nanterre, France. It is in the business of manufacturing automotive parts and components, including seats, that are sold in the United States and worldwide, and believed to be a subsidiary of Faurecia S.A. It is registered and doing business in the United States. It may be served with process through The Corporation Company, 40600 Ann Arbor Road E, Suite 201, Plymouth, Michigan 48170.

12. Defendant Faurecia USA Holdings, Inc. ("Faurecia USA") is a Delaware corporation with its principal place of business in Michigan. It is in the business of manufacturing automotive parts and components, including seats, that are sold in the United States and elsewhere. Faurecia USA is believed to be the parent company of Defendant Faurecia Automotive Seating, LLC, and a subsidiary of Faurecia S.A. It may be served with process through The Corporation Company, 40600 Ann Arbor Road E, Suite 201, Plymouth, Michigan 48170.

13. Defendant Faurecia Automotive Seating, LLC ("Faurecia Seating") is a Delaware corporation with its principal place of business in Michigan. It is in the business of manufacturing and selling automobile seats, including seats for Saturn vehicles, and believed to be a subsidiary of Faurecia USA. It may be served at its principal place of business through its registered agent Jill Greene, 2800 High Meadow Circle, Auburn Hills, Michigan 48326.

14. This Court has personal jurisdiction over Defendant GM pursuant to K.S.A. § 60-308(b) in that Plaintiffs' causes of action against Defendant GM arise from its transaction of business in this State and/or its commission of tortious acts in this State as described herein.

4

Furthermore, Defendant GM is registered to do business in this State and maintains a registered agent for service of process in this State.

15. Defendant GM has substantial, systematic and continuous contact with this State such that the exercise of personal jurisdiction over it is appropriate.

16. Furthermore, Defendant GM has purposefully availed itself to the privilege of conducting business in Kansas and has the requisite minimum contacts with Kansas such that maintenance of this suit does not offend traditional notions of fair play and substantial justice and that Defendant GM should reasonably anticipate being haled into Court here.

17. This Court has personal jurisdiction over Defendants Faurecia S.A., Faurecia Sieges, Faurecia USA and Faurecia Seating ("Faurecia Defendants") pursuant to K.S.A. § 60-308(b) in that Plaintiffs' causes of action against these Defendants arises from these Defendants' transaction of business in this State and/or its commission of tortious acts in this State as described herein.

18. Through their manufacture and sale of automobile seats, which are used by consumers throughout Kansas, including the seats in the subject Saturn vehicle, the Faurecia Defendants have substantial, systematic and continuous contact with this State such that the exercise of personal jurisdiction over them is appropriate.

19. Furthermore, the Faurecia Defendants have purposefully availed themselves to the privilege of conducting business within Kansas and have the requisite minimum contacts with Kansas such that maintenance of this suit does not offend traditional notions of fair play and substantial justice and that they should reasonably anticipate being haled into Court here.

20. This Court has diversity subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00 (exclusive of interest and costs).

21. Venue is proper in the District of Kansas pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## Allegations Common to All Counts

22. On November 7, 2015, Heather Tracy was driving a 2007 Saturn Aura XE (Vehicle Identification Number 1G8ZS57N77F150768, the "Saturn Aura") on 175th Street in Olathe, Johnson County, Kansas at approximately 2:53 PM.

23. As Plaintiff Heather Tracy was travelling east on 175th Street approaching Pflumm Road, a 2014 Kia Optima operated by Boyd Chism struck the rear of the Saturn Aura.

24. At the time the Kia Optima hit the rear of the Saturn, Plaintiff Ryan Poole was occupying the right from passenger's seat which was properly positioned and Plaintiffs' Decedent A.P., was occupying the rear right passenger seat and properly restrained in a car seat.

25. When the Saturn Aura was struck in the rear, the front passenger seat occupied by Plaintiff Ryan Poole failed, collapsing rearward into seventeen (17) month old A.P., inflicting catastrophic injury.

26. A.P. was transferred to Children's Mercy Hospital in Kansas City, Missouri where she survived for between seven (7) and eight (8) hours before finally passing away from her injuries.

27. When the Saturn Aura was struck in the rear, the front passenger seat occupied by Heather Tracy failed, collapsing and/or twisting rearward into nine (9) year old H.M., inflicting severe permanent injury.

28. As a direct and proximate result of the acts and/or omissions of Defendants and/or the defects described herein, A.P. suffered devastating and ultimately fatal injuries, entitling Plaintiffs Heather Tracy and Ryan Poole to damages by reason of her death, including, but not limited to, the following:

   a. Economic damages including, but not limited to, loss of filial care, attention, or protection; loss of earnings A.P. would have contributed to her parents during the remainder of her lifetime, medical expenses incurred for A.P. between the time of her injury and her death and funeral expenses;

   b. Non-economic damages including, but not limited to, mental anguish, suffering and bereavement; loss of society, companionship, comfort or protection;

   c. Survival damages between the time of A.P.'s injury and the time of her death, including, but not limited to, head injury, pain, suffering, disability, disfigurement and/or mental anguish; and

   d. All other damages allowed to be claimed under Kansas law.

29. As a direct and proximate result of the acts and/or omissions of Defendants and/or the defects described herein, H.M. suffered devastating injuries, including but not limited to blindness in his left eye and traumatic brain injury.

30. As a direct and proximate result of the acts and/or omissions of Defendants and/or the defects described herein, DCF and/or H.M. has incurred, and will in the future incur, substantial medical expenses to obtain the necessary care and treatment for his injuries, including, but not limited to, emergency care and transportation, medical procedures, rehabilitation, therapy, supervision and medication.

31. As a direct and proximate result of the acts and/or omissions of Defendants and/or the defects described herein, H.M. has also suffered scarring, disfigurement, pain, suffering, emotional distress, mental anguish, loss of enjoyment of life and a loss of future earning capacity and wages.

## COUNT I
### Product Liability – Strict Liability
### Defendant GM

32. Plaintiffs incorporate herein by reference each and every allegation set forth in paragraphs 1 through 31 as is fully set forth herein.

33. Defendant GM and its predecessor entities for which it is responsible and for which it has agreed to assume product liability claims designed, tested, manufactured, marketed, distributed and/or sold the Saturn Aura in the ordinary course of business.

34. Prior to the incident on November 7, 2015, the Saturn Aura was in substantially the same condition as it was when it left the control of General Motors Corporation.

35. At the time it left the control of the General Motors Corporation, and at the time of the events described herein, the Saturn Aura was unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics.

36. Specifically, the Saturn Aura was unreasonably dangerous to Plaintiffs and other consumers or users by reason of defects in its design and/or manufacture, including:

    a. The front seats and/or the components thereof were not strong enough remain upright and to prevent failure or collapse in reasonably foreseeable rear impacts;

    b. The front seats and/or the components thereof were designed and/or intended to fail, collapse, or yield in reasonably foreseeable rear impacts;

  c. The lack of warning that the front seats and/or components thereof were not strong enough to prevent failure or collapse in reasonably foreseeable rear impacts;

  d. The lack of warning that the front seats and/or components were designed and/or intended to fail, collapse or yield in reasonably foreseeable rear impacts;

  e. The lack of warning that occupants, including young children, should not be seated behind the front seats given their lack of strength and/or the design intent for failure, collapse and/or yielding in reasonably foreseeable rear impacts; and/or

  f. The lack of warning regarding any limitation of seat occupant size or weight in the front seats.

37. As a direct and proximate result of defective condition of Saturn Aura as existed when sold, while using the Saturn in manner reasonably anticipated, A.P. was injured and eventually died, and Plaintiffs Heather Tracy and Ryan Poole have suffered the damages described herein.

38. As a direct and proximate result of the Saturn Aura being sold without adequate or any warnings regarding its dangerous and the defective condition as described above, A.P. was injured and eventually died, and Plaintiffs Heather Tracy and Ryan Poole have suffered the damages described herein.

39. As a direct and proximate result of defective condition of Saturn Aura as existed when sold, while using the Saturn in manner reasonably anticipated, H.M. was injured, and Plaintiff DCF and/or H.M. has suffered the damages described herein.

40. As a direct and proximate result of the Saturn Aura being sold without adequate or any warnings regarding its dangerous and the defective condition as described above, H.M. was injured, and Plaintiff DCF and/or H.M. has suffered the damages described herein.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant GM on Count I of their Complaint, that the Court award Plaintiffs a fair and reasonable amount to adequately compensate them for all their damages against GM, prejudgment interest, interest on the judgment, the costs of this action and such other and further relief as the Court deems just and proper.

## COUNT II
### Product Liability – Negligence
### Defendant GM

41. Plaintiffs incorporate herein by reference each and every allegation set forth in paragraphs 1 through 40 as is fully set forth herein.

42. Defendant GM and its predecessor entities for which it is responsible and for which it has agreed to assume product liability claims had and owed a duty of ordinary care in designing, manufacturing, testing, inspecting, warning, marketing and/or distributing the Saturn Aura to ensure it was safe for its intended and reasonably foreseeable uses.

43. Defendant GM and its predecessor entities for which it is responsible and for which it has agreed to assume product liability claims breached that duty of ordinary care and was thereby negligent in each of the following respects:

  a. Designing the front seats of the Saturn Aura without sufficient strength to withstand collapse or failure from the forces generated in a reasonably foreseeable rear impact;

  b. Designing the front seats of the Saturn Aura to collapse, fail or "yield" in reasonably foreseeable rear impact crashes with full knowledge that occupants, including young children, will be seated behind those front seats;

    c. Failing to warn consumers and in particular parents of young children that the front seats will collapse, fail or "yield" into rear occupants in reasonably foreseeable rear impacts;

    d. Failing to warn consumers or occupants of weight or size limits of front seat occupants to prevent seat collapse or failure;

    e. Failing to test and/or inspect the front seats in the Saturn Aura to ensure they would not fail or collapse in rear impacts; and/or

    f. In other respects discovered through discovery in this case.

44. As a direct and proximate result of the above-described negligence, A.P. was injured and eventually died, and Plaintiffs Heather Tracy and Ryan Poole have suffered the damages described herein.

45. As a direct and proximate result of the above-described negligence, H.M. was injured, and Plaintiff DCF and/or H.M. has suffered the damages described herein.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant GM on Count II of their Complaint, that the Court award Plaintiffs a fair and reasonable amount to adequately compensate them for all their damages against Defendant GM, prejudgment interest, interest on the judgment, the costs of this action and such other and further relief as the Court deems just and proper.

## COUNT III
### Product Liability – Strict Liability
### Defendants Faurecia S.A., Faurecia Sieges, Faurecia USA, and Faurecia Seating

46. Plaintiffs incorporate herein by reference each and every allegation set forth in paragraphs 1 through 45 as is fully set forth herein.

47. The Faurecia Defendants designed, manufactured, distributed, marketed, advertised and/or sold the front seats for the Saturn Aura in the course and scope of their business.

48. At the time the front seats for the Saturn Aura were sold, as well as on November 7, 2015, the front seats were designed and/or manufactured in a defective condition, unreasonably dangerous when put to a reasonably anticipated use in the following respects:

   a. The front seats and/or the components thereof were not strong enough remain upright and to prevent failure or collapse in reasonably foreseeable rear impacts;

   b. The front seats and/or the components thereof were designed and/or intended to fail, collapse or yield in reasonably foreseeable rear impacts;

   c. The lack of warning that the front seats and/or components thereof were not strong enough to prevent failure or collapse in reasonably foreseeable rear impacts;

   d. The lack of warning that the front seats and/or components were designed and/or intended to fail, collapse or yield in reasonably foreseeable rear impacts;

   e. The lack of warning that occupants, including young children, should not be seated behind the front seats given their lack of strength and/or the design intent for failure, collapse and/or yielding in reasonably foreseeable rear impacts; and/or

   f. The lack of warning regarding any limitation of seat occupant size or weight in the front seats.

49. As a direct and proximate result of defective condition of the front seats of the Saturn Aura as existed when sold, while the seats were being used in a manner reasonably anticipated, A.P. was injured and eventually died, and Plaintiffs Heather Tracy and Ryan Poole have suffered the damages described herein.

50. As a direct and proximate result of the front seats of the Saturn Aura being sold without adequate or any warnings regarding its dangerous and the defective condition as described above, A.P. was injured and eventually died, and Plaintiffs Heather Tracy and Ryan Poole have suffered the damages described herein.

51. As a direct and proximate result of defective condition of the front seats of the Saturn Aura as existed when sold, while the seats were being used in a manner reasonably anticipated, H.M. was injured, and Plaintiff DCF and/or H.M. has suffered the damages described herein.

52. As a direct and proximate result of the front seats of the Saturn Aura being sold without adequate or any warnings regarding its dangerous and the defective condition as described above, H.M. was injured, and Plaintiff DCF and/or H.M. has suffered the damages described herein.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants Faurecia S.A., Faurecia Sieges, Faurecia USA, and Faurecia Seating on Count III of their Complaint, that the Court award Plaintiffs a fair and reasonable amount to adequately compensate them for all their damages against Defendants Faurecia S.A., Faurecia Sieges, Faurecia USA, and Faurecia Seating, prejudgment interest, interest on the judgment, the costs of this action and such other and further relief as the Court deems just and proper.

## COUNT IV
### Product Liability – Negligence
### Defendants Faurecia S.A., Faurecia Sieges, Faurecia USA, and Faurecia Seating

53. Plaintiffs incorporate herein by reference each and every allegation set forth in paragraphs 1 through 52 as is fully set forth herein.

13

54. The Faurecia Defendants had and owed a duty of ordinary care in designing, manufacturing, testing, inspecting, warning, marketing and/or distributing the front seats of the Saturn Aura to ensure they was safe for their intended and reasonably foreseeable uses.

55. The Faurecia Defendants breached that duty of ordinary care and were thereby negligent in each of the following respects:

　　a. Designing the front seats of the Saturn Aura without sufficient strength to withstand collapse or failure from the forces generated in a reasonably foreseeable rear impact;

　　b. Designing the front seats of the Saturn Aura to collapse, fail or "yield" in reasonably foreseeable rear impact crashes with full knowledge that occupants, including young children, will be seated behind those front seats;

　　c. Failing to warn consumers and in particular parents of young children that the front seats will collapse, fail or "yield" into rear occupants in reasonably foreseeable rear impacts;

　　d. Failing to warn consumers or occupants of weight or size limits of front seat occupants to prevent seat collapse or failure;

　　e. Failing to test and/or inspect the front seats in the Saturn Aura to ensure they would not fail or collapse in rear impacts; and/or

　　f. In other respects discovered through discovery in this case.

56. As a direct and proximate result of the above-described negligence, A.P. was injured and eventually died, and Plaintiffs Heather Tracy and Ryan Poole have suffered the damages described herein.

57. As a direct and proximate result of the above-described negligence, H.M. was injured, and Plaintiff DCF and/or H.M. has suffered the damages described herein.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants Faurecia S.A., Faurecia Sieges, Faurecia USA, and Faurecia Seating on Count IV of their Complaint, that the Court award Plaintiffs a fair and reasonable amount to adequately compensate them for all their damages against Faurecia S.A., Faurecia Sieges, Faurecia USA, and Faurecia Seating, prejudgment interest, interest on the judgment, the costs of this action and such other and further relief as the Court deems just and proper.

Respectfully submitted,

**KUHLMAN & LUCAS, LLC**

By:  /s/ Chad C. Lucas
Chad C. Lucas        KSD Bar No. # 20549
Lauren E. Luhrs     KSD Bar No. # 26245
1100 Main Street, Suite 2550
Kansas City, Missouri 64105
Telephone:  (816) 799-0330
Facsimile:   (816) 799-0336
chad@kuhlmanlucas.com
lauren@kuhlmanlucas.com
**Attorneys for Plaintiffs**

**DESIGNATION OF PLACE OF TRIAL**

Plaintiff designates Kansas City, Kansas as the location for the trial in this matter.

 /s/ Chad C. Lucas
**Attorney for Plaintiff**

15

## REQUEST FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on all issues in the above-captioned case.

/s/ Chad C. Lucas
**Attorney for Plaintiff**

Dated: September 8, 2017